**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHANIE J. WAGNER, | NO. ED CV 07-676-E |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | **AND ORDER OF REMAND** |
| Defendant. | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on June 13, 2007, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on July 24, 2008.

///

Plaintiff filed a motion for summary judgment on June 16, 2008. Defendant filed a cross-motion for summary judgment on July 15, 2008. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed May 14, 2008.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former cashier, asserts disability based on a combination of alleged exertional and non-exertional impairments (Administrative Record ("A.R.") 32-823). An Administrative Law Judge ("ALJ") found Plaintiff has certain severe exertional and non-exertional impairments, including disc protrusion and bipolar disorder (A.R. 14). The ALJ found that these impairments restrict Plaintiff to a particular range of light work, that is, light work involving only "simple, routine, repetitive, non-public tasks" (A.R. 15).[1]

The ALJ conceded that, given Plaintiff's residual functional capacity, Plaintiff cannot perform her past relevant work (A.R. 17). The ALJ also determined, however, that there exist other jobs Plaintiff can perform (A.R. 18). The ALJ made this determination using the Medical-Vocational Guidelines ("the Grids"), without consulting any vocational expert. Id. The ALJ stated: "The additional [non-exertional] limitations . . . have little or no effect on the occupational base of unskilled light work" (A.R. 18). The Appeals Council denied review (A.R. 4-6).

///

---

[1] This residual functional capacity would exist, according to the ALJ, if Plaintiff stopped her substance abuse.

2

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

"After a claimant satisfies [her] initial burden of showing that a physical or mental impairment prevents [her] from performing [her] previous work, the burden shifts to the [Administration] to show that the claimant has the capacity to perform other work and that such other work exists in the national economy."  Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985).  Where a claimant's non-exertional impairments significantly limit his or her range of work "the grids do not apply, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities."  Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see Burkhart v. Bowen, 856 F.2d 1335, 1340-41 (9th Cir. 1988); see also Tackett v. Apfel, 180 F.3d 1094, 1103 (9th Cir. 1999) ("the grids should be applied only where a claimant's functional limitations fall into a standardized pattern 'accurately and completely' described by the grids").

In the present case, substantial evidence fails to support the ALJ's determination that Plaintiff's non-exertional limitations have "little or no effect on the occupational base of unskilled light

work." Because of this failure of supporting evidence, the ALJ erred by relying on the Grids in the absence of vocational expert testimony. Id.

In attempted avoidance of this conclusion, Defendant cites Social Security Ruling ("SSR") 85-15. SSR 85-15 does not purport to resolve the issue of whether the limitation of a person like Plaintiff to "simple, routine, repetitive, non-public tasks" has "little or no effect on the occupational base of unskilled light work." Indeed, SSR 85-15 suggests that this issue may be a difficult one, requiring the testimony of a vocational expert. SSR 85-15 states that a person of advanced age with limited education and no relevant work experience, or lengthy work experience dealing with the public, appropriately would be found disabled by a mental impairment preventing frequent contact with the public. SSR 85-15 also states, however, that "the decision would not necessarily be the same for a younger, better-educated, or skilled person." Plaintiff is a younger individual, but is not well-educated, lacks transferable skills and has past relevant work experience dealing with the public. Thus, SSR 85-15 appears to leave in doubt the appropriate outcome of the present case.

Without evidence such as the testimony of a vocational expert, the Administration cannot properly conclude that Plaintiff's non-exertional impairment has little or no effect on the occupational base. See Sykes v. Apfel, 228 F.3d 259, 270 (3rd Cir. 2000) ("the determination whether the non-exertional impairment significantly erodes residual functional capacity cannot be made without reference to additional evidence . . . the practice of the ALJ determining

without taking additional evidence the effect of the non-exertional impairment on the residual functional capacity cannot stand"); Francis v. Heckler, 749 F.2d 1562, 1567 (11th Cir. 1985) (error to apply the Grids where the ALJ stated "he was 'persuaded' that this impairment did not significantly limit the range of medium work available to claimant," but there was "no vocational testimony upon which the ALJ could have relied to be so persuaded"); see also Burkhart v. Bowen, 856 F.2d 1335, 1341 (9th Cir. 1988) (ALJ may not speculate concerning the requirements of particular jobs); Warmoth v. Bowen, 798 F.2d 1109, 1112 (7th Cir. 1986) ("administrative notice" properly cannot prove the existence of jobs that can be performed by a claimant having non-exertional impairments).[2]

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d

///
///
///
///
///

---

[2]  The Court also observes that the ALJ erred in his citation of the Grids. The ALJ's decision cites, inter alia, Grid 204.00, which pertains only to claimants who can perform heavy work (A.R. 18). The ALJ found Plaintiff cannot perform heavy work (or even medium work) (A.R. 15).

1 | 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
2 | 1496, 1497 (9th Cir. 1984).

LET JUDGMENT BE ENTERED ACCORDINGLY.[3]

DATED:  July 24, 2008.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached any of the other issues briefed by the parties, except insofar as to determine that reversal rather than remand would be inappropriate.

6